UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ANGEL RUIZ,

                Plaintiff,

      -against-

FEDERAL POLICE DEPARTMENT,

              Defendant.

23-CV-7421 (LTS)

ORDER OF DISMISSAL

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff, who is proceeding *pro se*, brings this action under the court's diversity jurisdiction, alleging that unidentified officers employed at the 40 Foley Square federal courthouse in Manhattan violated his rights by using excessive force against him. By order dated August 31, 2023, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees. For the reasons set forth in this order, the Court dismisses this action, but grants Plaintiff 60 days' leave to replead his claims in an amended complaint.

## STANDARD OF REVIEW

The Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction of the claims raised. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470

F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

Rule 8 requires a complaint to include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

## BACKGROUND

Plaintiff, a resident of Bronx, New York, brings this action against the "Federal Police Department," for alleged violation of his rights at the 40 Foley Square federal courthouse in Manhattan. He invokes diversity jurisdiction and asserts that Defendant "violated my rights for being disable[d]." (ECF 1, at 2.)[1]

Plaintiff alleges that in January 2018, he arrived at the federal courthouse for court proceedings, and sat on his walker while waiting to pass through a metal detector. He then had a

---

[1] The Court quotes from the complaint verbatim, and all spelling, grammar, and punctuation are as in the original, unless noted otherwise.

seizure and fell on the floor. The seizure "became severe," and Plaintiff's partner attempted to

help him, but five members of the "Federal Police" pushed his partner away. (*Id*. at 5.) Plaintiff

alleges that the following happened:

> they was around me and 1 officer. Grab me from my jacket when I was on the
> floor while I was having my seizure. He lift me up and punched me with his hand
> and with the other hand he punched me in my chest over my heart area. And I fall
> back and cracked my left should on the floor.

(*Id*. at 5-6.) Plaintiff asserts that he was on the floor for 30 minutes before an ambulance arrived

and took him to the hospital. He claims that although the 5 officers had body cameras and there

are hundreds of cameras at the courthouse, the officers did not "report the hate crime to [the]

court or the D.O.J." (*Id*. at 6.) Plaintiff also claims that he wrote seven letters to the court and the

judge "to do an investigation and report to the D.O.J. [a]nd they refuse[d][,] [s]o they cover[ed]

[this] hate crime."[2]

Plaintiff alleges the following as his injuries: "Permanent injury in my left shoulder. And

this create the P.S.D. and affected to my disability. For the rest of my life." (ECF 1, at 6.) He

seeks $10 million in damages.

---

[2] Plaintiff filed a separate complaint against the federal courthouse and Judge Valerie
Caproni arising from the same January 2018 incident. *Ruiz v. U.S. Fed. Courthouse 40 Foley
Square #104*, ECF 1:23-CV-7416, 1 (S.D.N.Y. filed Aug. 18, 2023). He also recently filed four
other *pro se* complaints. *See Ruiz v. Parkchester Pub. Safety Dep't*, ECF 1:23-CV-7423, 1
(S.D.N.Y. filed Aug. 21, 2023); *Ruiz v. City of New York Comm'n on Hum. Rts.*, ECF 1:23-CV-
7422, 1 (S.D.N.Y. filed Aug. 21, 2023); (S.D.N.Y. filed Aug. 18, 2023); *Ruiz v. HJ Family
Corp.*, ECF 1:23-CV-7385, 1 (UA) (S.D.N.Y. filed Aug. 18, 2023); *Ruiz v. N.Y.C. Police Dep't,
43rd Pct.*, ECF 1:23-CV-7386, 1 (S.D.N.Y. filed Aug. 18, 2023) Plaintiff also filed an
employment discrimination case in this court that was recently dismissed. *See Ruiz v. Keratin
Bar*, ECF 1:17-CV-2216, 182 (S.D.N.Y. Aug. 10, 2023) (dismissing complaint without prejudice
for failure to prosecute).

**DISCUSSION**

Plaintiff brings this action under the Court's diversity jurisdiction against the "Federal Police Department," an entity that does not exist. It appears, however, that Plaintiff is attempting to bring claims against the entity that employs the five officers who he alleges were involved in the January 2018 incident at the 40 Foley Square federal courthouse. The Court can presume that these individuals were Court Security Officers ("CSOs") or members of the United States Marshals Service ("USMS").[3] Because Plaintiff is bringing tort and other claims arising out of an incident at a federal courthouse, the Court construes the complaint as bringing federal claims under the Court's federal question jurisdiction.

**A.      Sovereign Immunity and the Federal Torts Claims Act ("FTCA")**

Any claims Plaintiff may be asserting against the United States of America, the USMS, or any other federal entity are barred under the doctrine of sovereign immunity. The doctrine bars federal courts from hearing all suits against the federal government and its agencies, except where sovereign immunity has been waived. *United States v. Mitchell*, 445 U.S. 535, 538 (1980) (quoting *United States v. Sherwood*, 312 U.S. 584, 586 (1941)); *see Robinson v. Overseas Military Sales Corp.*, 21 F.3d 502, 510 (2d Cir. 1994) ("Because an action against a federal agency . . . is essentially a suit against the United States, such suits are . . . barred under the doctrine of sovereign immunity, unless such immunity is waived.").

---

[3] Security at the entrance of federal courthouses is normally provided by CSOs, who are employed by private security companies. *See* https://www.usmarshals.gov/what-we-do/judicial-security (last visited Sept. 5, 2023) ("Are the security officers who staff the entrance of the federal courthouse deputy U.S. Marshals? No. The entrance station of a federal courthouse is staffed by Court Security Officers (CSOs), highly-trained men and women who are employed by private security companies awarded a security contract by the U.S. Marshals Service.").

The Federal Tort Claims Act ("FTCA") provides a waiver of sovereign immunity for certain claims arising from the tortious conduct of federal officers or employees acting within the scope of their office or employment. *See* 28 U.S.C. §§ 1346(b)(1), 2680. The proper defendant in an FTCA claim is the United States, not individual federal employees or agencies." *Holliday v. Augustine*, No. 3:14-CV-0855, 2015 WL 136545, at *1 (D. Conn. Jan. 9, 2015). The Court therefore construes Plaintiff's claims as brought against the United States of America.

A plaintiff must comply with the FTCA's procedural requirements before a federal court can entertain his claims. *See Johnson v. Smithsonian Inst.*, 189 F.3d 180, 189 (2d Cir. 1999), *abrogated on other grounds*, *United States v. Kwai Fun Wong*, 575 U.S. 402 (2015). Specifically, before bringing a damages claim in a federal district court under the FTCA, a claimant must first exhaust his administrative remedies by filing a claim for damages with the appropriate federal government entity and must receive a final written determination. *See* 28 U.S.C. § 2675(a). Such an administrative claim must be in writing, specify the amount of damages sought, and be filed within two years of the claim's accrual. 28 U.S.C. §§ 2401(b), 2675(a). A claimant may thereafter challenge the Government's final denial in a federal district court by filing an action within six months after the date of the mailing of the notice of final denial by the federal entity. *See* § 2401(b). If no written final determination is made by the appropriate federal entity within six months of the date of the claimant's filing of the administrative claim, the claimant may then bring an FTCA action in a federal district court. *See* § 2675(a).

Inasmuch as Plaintiff's allegations can be construed as damage claims under the FTCA against the United States, he has not alleged facts demonstrating that he filed an administrative claim under the FTCA with a federal governmental entity for damages and received a final written determination before bringing this action; nor has he alleged facts showing that it has

been more than six months since he has filed such an administrative claim. Although Plaintiff

alleges that he submitted seven letters to the court and the judge seeking an investigation of the

incident, there is no indication that these alleged letters were administrative claims that specified

the amount of damages sought as required by the FTCA. As Plaintiff does not allege or show that

he exhausted his claims prior to bringing this action, the FTCA does not provide a waiver of

sovereign immunity in this case. Therefore, Plaintiff's claims, which are construed as brought

against the United States, are barred under the doctrine of sovereign immunity.

Because Plaintiff may be able to allege facts showing that he exhausted a claim under the

FTCA by filing an administrative claim with the appropriate agency, the Court grants Plaintiff 60

days' leave to file an amended complaint to state facts in support of any FTCA claim against the

United States he wishes to pursue.

**B.      Constitutional Tort Claims**

Plaintiff's complaint could also be read as an attempt to assert constitutional tort claims

under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388

(1971).[4] A plaintiff may bring *Bivens* claims against a federal official to seek redress for a

violation of his or her constitutional rights.[5] *See Ashcroft v. Iqbal*, 556 U.S. 662, 675 (2009)

---

[4] To state a claim for relief under *Bivens*, a plaintiff must allege facts that plausibly show that: (1) the challenged action was attributable to an officer acting under color of federal law, and (2) such conduct deprived him of a right, privilege, or immunity secured by the Constitution. *See Thomas v. Ashcroft*, 470 F.3d 491, 496 (2d Cir. 2006) (citing *Bivens*, 403 U.S. at 389).

[5] The United States Supreme Court has recognized implied causes of action under *Bivens* in three contexts: (1) unreasonable search and seizure under the Fourth Amendment, *Bivens*, 403 U.S. 388 (1971); (2) employment discrimination under the Due Process Clause of the Fifth Amendment, *Davis v. Passman*, 442 U.S. 228 (1979); and (3) inadequate medical treatment of a convicted prisoner under the Eighth Amendment, *Carlson v. Green*, 446 U.S. 14 (1980). After deciding these three cases, the Supreme Court "made [it] clear that expanding the *Bivens* remedy is now a 'disfavored' judicial activity," *Ziglar v. Abbasi*, 137 S. Ct. 1843, 1857 (2017), and that a *Bivens* remedy is not available, "where there are 'special factors counselling hesitation in the absence of affirmative action by Congress,'" *Hernandez v. Mesa*, 137 S. Ct. 2003, 2006 (2017)

("[*Bivens*] is the federal analog to suits brought against state officials under [42 U.S.C.

§ 1983]."). However, *Bivens* relief is available only against federal officials who are personally

liable for the alleged constitutional violations; it does not overcome the sovereign immunity that

bars suits for money damages against the United States, its agencies or federal officials sued in

their official capacities. *See Ziglar v. Abbasi*, 137 S. Ct. 1843, 1860 (2017); *Turkmen v. Hasty,*

789 F3d 218, 233 (2d Cir. 2015); *Wright v. Condit*, No. 13-CV-2849, 2015 WL 708607, at *1

(S.D.N.Y. Feb. 18, 2015) (citation omitted); *see also Fed. Deposit Ins. Corp. v. Meyer*, 510 U.S.

471, 484-86 (1994) (holding that *Bivens* provides no cause of action against the United States or

its agencies); *Hightower v. United States*, 205 F. Supp. 2d 146, 155 (S.D.N.Y. 2002) (the United

States has not consented to be sued under *Bivens*). Because Plaintiff does not name individual

defendants subject to *Bivens* liability,[6] the Court need not reach the issue of whether he has an

---

(quoting *Carlson*, 446 U.S. at 18). Under *Ziglar*, unless a *Bivens* claim bears some resemblance
to one of the three types of *Bivens* claims previously recognized by the Supreme Court, a court
must hold that the claim constitutes a new *Bivens* context. 137 S. Ct. 1843, 1860 (2017). More
recently, the Supreme Court held that, even if a court finds that a case presents "parallel
circumstances" with the three prior cases recognizing a *Bivens* remedy, a court may not find a
*Bivens* remedy unless it also decides that there is no rational reason to think that Congress is
better equipped to create such a remedy. *See Egbert v. Boule*, 142 S. Ct. 1793, 1805 (2022)
(holding in the context of a Fourth Amendment claim under Bivens that "superficial similarities
are not enough to support the judicial creation of a cause of action").

"Courts have consistently found that excessive force cases arising under either the Fifth
or Eighth Amendment to present new *Bivens* contexts." *Edwards v. Gizzi*, No. 20-CV-7371,
2022 WL 309393, at *6 (S.D.N.Y. Feb. 2, 2022) (holding that plaintiff's excessive force claim
against Deputy U.S. Marshals for breaking his arm in the courtroom amidst sentencing hearing
presented a new *Bivens* context "whether it arises under the Fifth or Eighth Amendment"); *see
also Rivera v. Samilo*, 370 F. Supp. 3d 362, 369 (E.D.N.Y. 2019) (holding that an excessive
force claim stemming from lawful arrest is sufficiently different from Fourth Amendment claim
arising from a home search); *Ramirez v. Tatum*, No. 17-CV-7801, 2018 WL 6655600, at *5
(S.D.N.Y. Dec. 19, 2018) (declining to find *Bivens* remedy where the plaintiff, a pretrial
detainee, alleged that correctional officers used excessive force when transporting him from the
hospital to the jail).

[6] *Bivens* does not authorize suit against a private corporation or its employees – even
corporations that perform traditionally governmental functions. *See Corr. Servs. Corp. v.
Malesko*, 534 U.S. 61, 72 (2001) (declining to infer a *Bivens* remedy "for damages against

implied cause of action under *Bivens*.[7]

Moreover, even if Plaintiff had asserted claims against individual defendants, it appears that any potential *Biven* claims that he could assert arising from the February 2018 incident would be time-barred. Claims brought under *Bivens* borrow the statute of limitations for claims under 42 U.S.C. § 1983. *See Gonzalez v. Hasty*, 802 F.3d 212, 220 (2d Cir. 2015). The limitation period for Section 1983 claims is found in the "general or residual [state] statute [of limitations] for personal injury actions." *Pearl v. City of Long Beach*, 296 F.3d 76, 79 (2d Cir. 2002) (quoting *Owens v. Okure*, 488 U.S. 235, 249-50 (1989)). In New York, that period is three years. *See* N.Y. C.P.L.R. § 214(5). Under federal law, claims generally accrue when a plaintiff knows or has reason to know of the injury that is the basis of the claim. *Hogan v. Fischer*, 738 F.3d 509, 518 (2d Cir. 2013).

Plaintiff filed this complaint on August 18, 2023. Therefore, he is precluded from pursuing any claims under for claims that accrued before August 18, 2020. Plaintiff brings this action asserting claims arising out of conduct that occurred in February 2018. It therefore

---

private entities acting under color of federal law"); *Minneci v. Pollard*, 565 U.S. 118, 120 (2012) (courts cannot "imply the existence of an Eighth Amendment-based damages action (a *Bivens* action) against employees of a privately operated federal prison.").

If Plaintiff seeks to bring claims against CSOs or their employer, a private entity hired as a federal contractor by the USMS, his claims likely cannot proceed under *Bivens*. *See Komatsu v. United States*, No. 21-CV-1838, 2023 WL 317326, at *6 (S.D.N.Y. Jan. 19, 2023) (claims asserted against privately employed CSOs and their employer cannot proceed under *Bivens*). Alternatively, if Plaintiff seeks to bring state law tort claims such as assault and battery against CSOs and their employer and has another viable federal claim, the Court could exercise supplemental jurisdiction of such claims under 28 U.S.C. § 1367.

[7] Though, typically, "the *Bivens* question . . . is 'antecedent' to the other questions presented," *Hernandez v. Mesa*, 137 S. Ct. 2003, 2006 (2017) (citing *Wood v. Moss*, 134 S. Ct. 2056, 2066 (2014)), the Supreme Court has endorsed "disposing of a *Bivens* claim by resolving the constitutional question, while assuming the existence of a *Bivens* remedy," *id*. at 2007.

appears that the statute of limitations period for Plaintiff's claims expired well before he filed

this action and that any claims he seeks to assert under *Bivens* are time barred.[8]

It is clear that Plaintiff filed his claims well beyond the expiration of the applicable

statute of limitations. Normally, the Court would grant him leave to plead any facts showing that

equitable tolling applies[9] but, as discussed above, Plaintiff has not stated a claim for damages

under *Bivens* against any individual defendant. Any claim for damages that Plaintiff is attempting

to assert under *Bivens* must therefore be dismissed for failure to state a claim on which relief can

be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

## C.      Claim of Disability Discrimination

Plaintiff refers to his disability and asserts that his rights were violated because he is

disabled. To the extent Plaintiff's assertion could be considered as a claim under the

Rehabilitation Act of 1973, 29 U.S.C. §§ 701-796, it must be dismissed. The Rehabilitation Act

provides that "[n]o otherwise qualified individual with a disability . . . shall, solely by reason of

---

[8] Because the failure to file an action within the limitations period is an affirmative defense, a plaintiff is generally not required to plead that the case is timely filed. *See Abbas v. Dixon*, 480 F.3d 636, 640 (2d Cir. 2007). Dismissal is appropriate, however, where the existence of an affirmative defense, such as the statute of limitations, is plain from the face of the pleading. *See Walters v. Indus. and Com. Bank of China, Ltd.*, 651 F.3d 280, 293 (2d Cir. 2011); *see also Pino v. Ryan*, 49 F.3d 51, 53 (2d Cir. 1995) (affirming *sua sponte* dismissal under 28 U.S.C. § 1915(d) on statute of limitations grounds). A district court should generally grant notice and opportunity to be heard, however, before dismissing a complaint *sua sponte* on statute of limitations grounds. *Abbas*, 480 F.3d at 640.

[9] The doctrine of equitable tolling permits a court, "under compelling circumstances, [to] make narrow exceptions to the statute of limitations in order 'to prevent inequity.'" *In re U.S. Lines, Inc.*, 318 F.3d 432, 436 (2d Cir. 2003) (quoting *Chao v. Russell P. Le Frois Builder, Inc.*, 291 F.3d 219, 233 (2d Cir. 2000)). The statute of limitations may be equitably tolled when a defendant fraudulently conceals from a plaintiff the fact that the plaintiff has a cause of action, or when the plaintiff is induced by the defendant to forego a lawsuit until the statute of limitations has expired. *See Pearl*, 296 F.3d at 82-83. New York also provides by statute for other circumstances in which a limitations period may be tolled. *See, e.g.,* N.Y. C.P.L.R. §§ 204, 204(a), 207(3), 208.

her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving [f]ederal financial assistance or under any program or activity conducted by any [e]xecutive agency." 29 U.S.C. § 794(a). To assert a claim under the Rehabilitation Act, a plaintiff must show "(1) that he is a qualified individual with a disability; (2) that the defendants are subject to [the Rehabilitation Act]; and (3) that he was denied the opportunity to participate in or benefit from defendants' services, programs, or activities, or was otherwise discriminated against by defendants, by reason of his disability." *Harris v. Mills*, 572 F.3d 66, 73–74 (2d Cir. 2009).

Here, assuming Plaintiff was disabled within the meaning of the Rehabilitation Act, he does not plead any facts that give rise to an inference that the officers at the 40 Foley Square courthouse engaged in any behavior by reason of his disability. Plaintiff does not allege that the actions of which he complains were based on a facially neutral policy that has a discriminatory effect on those with disabilities, that there was a failure to accommodate his disability, or that he was otherwise discriminated against because of his disability. Plaintiff thus fails to state a claim under the Rehabilitation Act. The Court therefore dismisses Plaintiff's disability based claim for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

Furthermore, any claims Plaintiff may have under the Rehabilitation Act appears to be barred by the applicable statute of limitations. Because the Rehabilitation Act does not contain a statute of limitations, courts look to analogous state law to determine the applicable limitations period. *See Graham Cnty. Soil & Water Conservation Dist. v. United States ex rel. Wilson*, 545 U.S. 409, 414 (2005) ("To determine the applicable statute of limitations for a cause of action created by a federal statute, we first ask whether the statute expressly supplies a limitations period. If it does not, we generally 'borrow' the most closely analogous state limitations

period."). Similar to Section 1983 and *Bivens* claims, New York's three-year personal injury statute of limitations also applies to claims brought under the Rehabilitation Act. *See* N.Y. C.P.L.R. § 214(5); *see also Stropkay v. Garden City Union Free Sch. Dist.*, 593 F. App'x 37, 41 (2d Cir. 2014) (applying New York's three-year statute of limitations to claims under the Americans with Disabilities Act ("ADA") and Rehabilitation Act); *Harris v. City of New York*, 186 F.3d 243, 248 (2d Cir. 1999) (applying New York's three-year statute of limitations to claims under the Rehabilitation Act); *Best v. Bell*, No. 13-CV-0163 (JPO), 2014 WL 1316773 at *6 (S.D.N.Y. Mar. 28, 2014) (applying New York's three-year statute of limitations to claims under Title II of the ADA and Rehabilitation Act). Claims under the Rehabilitation Act also accrue when the plaintiff knew or had reasons to know of the injury giving rise to his claims. *See Hogan*, 738 F.3d at 518; *see also Stropkay*, 593 F. App'x at 41; *Harris,* 186 F.3d at 247; *Best*, 2014 WL 1316773, at *5.

The Court, however, grants Plaintiff leave to assert in an amended complaint any facts suggesting that he was subject to discrimination because of his disability. If Plaintiff chooses to plead a disability based claim under the Rehabilitation Act, he must allege facts satisfying the pleading standards discussed above, including identifying his alleged disability, and showing that equitable tolling should apply. Plaintiff should also note that the appropriate defendant for his Rehabilitation Act claim would be the government entity that he alleges violated his rights.[10]

**D.    Leave to Amend**

Plaintiff proceeds in this matter without the benefit of an attorney. District courts generally should grant a self-represented plaintiff an opportunity to amend a complaint to cure its

---

[10] Courts have held that the Rehabilitation Act does not provide for liability of individuals in their individual capacities. *See, e.g.*, *Goe v. Zucker*, 43 F.4th 19, 35 (2d Cir. 2022); *Garcia v. S.U.N.Y. Health Scis. Ctr. of Brooklyn*, 280 F.3d 98, 107 (2d Cir. 2001).

defects unless amendment would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Indeed, the Second Circuit has cautioned that district courts "should not dismiss [a *pro se* complaint] without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (quoting *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999)). Because Plaintiff may be able to allege additional facts suggesting viable claims, the Court grants Plaintiff 60 days' leave to replead his claims in an amended complaint. Specifically, Plaintiff is granted leave to submit an amended complaint in which he allege facts: (1) showing that he exhausted a claim under the FTCA against the United States by filing an administrative claim with the appropriate agency; (2) in support of a Rehabilitation Act claim arising from the officers' alleged failure to accommodate his disability or otherwise discriminatory conduct during the incident at the 40 Foley Square courthouse; (3) in support of state law claims against CSOs or their private employer; and (4) suggesting that his untimely claims should be equitably tolled.

Plaintiff is granted leave to amend his complaint to assert viable claims. In the "Statement of Claim" section of the section amended complaint form, Plaintiff must provide a short and plain statement of the relevant facts supporting each claim against each defendant. If Plaintiff has an address for any named defendant, Plaintiff must provide it. Plaintiff should include all of the information in the amended complaint that Plaintiff wants the Court to consider in deciding whether the amended complaint states a claim for relief and is timely filed. That information should include:

a)  the names and titles of all relevant people;

b)  a description of all relevant events, including what each defendant did or failed to do, the approximate date and time of each event, and the general location where each event occurred;

    c)   a description of the injuries Plaintiff suffered; and

    d)   the relief Plaintiff seeks, such as money damages, injunctive relief, or declaratory relief.

Essentially, Plaintiff's amended complaint should tell the Court: who violated his federally protected rights and how; when and where such violations occurred; and why Plaintiff is entitled to relief.

Because Plaintiff's amended complaint will completely replace, not supplement, the amended complaint, any facts or claims that Plaintiff wants to include from the complaint must be repeated in the amended complaint.

Plaintiff may consider contacting the New York Legal Assistance Group's ("NYLAG") Clinic for Pro Se Litigants in the Southern District of New York, which is a free legal clinic staffed by attorneys and paralegals to assist those who are representing themselves in civil lawsuits in this court. The clinic is run by a private organization; it is not part of, or run by, the court. It cannot accept filings on behalf of the court, which must still be made by any *pro se* party through the Pro Se Intake Unit. A copy of the flyer with details of the clinic is attached to this order.

## CONCLUSION

The Court construes Plaintiff's claims as brought against the United States, and directs the Clerk of Court to replace Defendant Federal Police Department with the United States of America under Fed. R. Civ. P. 21.

The Court dismisses the complaint for failure to state a claim and as barred under the doctrine of sovereign immunity. *See* 28 U.S.C. § 1915(e)(2)(B)(ii), (iii).

The Court grants Plaintiff 60 days' leave to file an amended complaint that complies with the standards set forth above. Plaintiff must submit the amended complaint to this Court's Pro Se

Intake Unit within 60 days of the date of this order, caption the document as a "Amended Complaint," and label the document with docket number 23-CV-7421 (LTS). An Amended Civil Rights Complaint form is attached to this order. No summons will issue at this time. If Plaintiff fails to comply within the time allowed, and he cannot show good cause to excuse such failure, the Court will direct the Clerk of Court to enter judgment consistent with this order.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:    October 10, 2023
             New York, New York

                                              /s/ Laura Taylor Swain
                                              LAURA TAYLOR SWAIN
                                              Chief United States District Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

_____

Write the full name of each plaintiff.


-against-

_____

_____

_____

_____

Write the full name of each defendant. If you need more
space, please write "see attached" in the space above and
attach an additional sheet of paper with the full list of
names. The names listed above must be identical to those
contained in Section II.

_____CV_____
(Include case number if one has been
assigned)


**AMENDED**

**COMPLAINT**

Do you want a jury trial?
☐ Yes     ☐ No

---

**NOTICE**

The public can access electronic court files. For privacy and security reasons, papers filed
with the court should therefore *not* contain: an individual's full social security number or full
birth date; the full name of a person known to be a minor; or a complete financial account
number. A filing may include *only*: the last four digits of a social security number; the year of
an individual's birth; a minor's initials; and the last four digits of a financial account number.
See Federal Rule of Civil Procedure 5.2.

## I.   BASIS FOR JURISDICTION

Federal courts are courts of limited jurisdiction (limited power). Generally, only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties. Under 28 U.S.C. § 1331, a case arising under the United States Constitution or federal laws or treaties is a federal question case. Under 28 U.S.C. § 1332, a case in which a citizen of one State sues a citizen of another State or nation, and the amount in controversy is more than $75,000, is a diversity case. In a diversity case, no defendant may be a citizen of the same State as any plaintiff.

What is the basis for federal-court jurisdiction in your case?

☐   **Federal Question**

☐   **Diversity of Citizenship**

### A.   If you checked Federal Question

Which of your federal constitutional or federal statutory rights have been violated?

_____

_____

_____

_____

### B.   If you checked Diversity of Citizenship

#### 1.   Citizenship of the parties

Of what State is each party a citizen?

The plaintiff , _____ , is a citizen of the State of
                              (Plaintiff's name)

_____
(State in which the person resides and intends to remain.)

or, if not lawfully admitted for permanent residence in the United States, a citizen or subject of the foreign state of

_____ .

If more than one plaintiff is named in the complaint, attach additional pages providing information for each additional plaintiff.

If the defendant is an individual:

The defendant, _____, is a citizen of the State of
                       (Defendant's name)

_____

or, if not lawfully admitted for permanent residence in the United States, a citizen or
subject of the foreign state of

_____.

If the defendant is a corporation:

The defendant, _____, is incorporated under the laws of

the State of _____

and has its principal place of business in the State of _____

or is incorporated under the laws of (foreign state) _____

and has its principal place of business in _____.

If more than one defendant is named in the complaint, attach additional pages providing
information for each additional defendant.

## II.  PARTIES

### A.  Plaintiff Information

Provide the following information for each plaintiff named in the complaint. Attach additional
pages if needed.

_____

First Name                    Middle Initial        Last Name

_____

Street Address

_____

County, City                            State                 Zip Code

_____

Telephone Number                        Email Address (if available)

## B.  Defendant Information

To the best of your ability, provide addresses where each defendant may be served. If the correct information is not provided, it could delay or prevent service of the complaint on the defendant. Make sure that the defendants listed below are the same as those listed in the caption. Attach additional pages if needed.

Defendant 1:

First Name                         Last Name

Current Job Title (or other identifying information)

Current Work Address (or other address where defendant may be served)

County, City                                State                   Zip Code

Defendant 2:

First Name                         Last Name

Current Job Title (or other identifying information)

Current Work Address (or other address where defendant may be served)

County, City                                State                   Zip Code

Defendant 3:

First Name                         Last Name

Current Job Title (or other identifying information)

Current Work Address (or other address where defendant may be served)

County, City                                State                   Zip Code

Defendant 4:

_____
First Name                          Last Name

_____
Current Job Title (or other identifying information)

_____
Current Work Address (or other address where defendant may be served)

_____
County, City                        State            Zip Code

## III. STATEMENT OF CLAIM

Place(s) of occurrence: _____


Date(s) of occurrence: _____

**FACTS:**

State here briefly the FACTS that support your case. Describe what happened, how you were harmed, and what each defendant personally did or failed to do that harmed you. Attach additional pages if needed.

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

**INJURIES:**

If you were injured as a result of these actions, describe your injuries and what medical treatment, if any, you required and received.

_____

_____

_____

_____

_____

## IV. RELIEF

State briefly what money damages or other relief you want the court to order.

_____

_____

_____

_____

_____

## V.   PLAINTIFF'S CERTIFICATION AND WARNINGS

By signing below, I certify to the best of my knowledge, information, and belief that: (1) the complaint is not being presented for an improper purpose (such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are supported by existing law or by a nonfrivolous argument to change existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Federal Rule of Civil Procedure 11.

I agree to notify the Clerk's Office in writing of any changes to my mailing address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Each Plaintiff must sign and date the complaint. Attach additional pages if necessary. If seeking to proceed without prepayment of fees, each plaintiff must also submit an IFP application.

| Dated | | Plaintiff's Signature |
| First Name | Middle Initial | Last Name |
| Street Address | | |
| County, City | State | Zip Code |
| Telephone Number | | Email Address (if available) |

I have read the Pro Se (Nonprisoner) Consent to Receive Documents Electronically:

☐ Yes    ☐ No

If you do consent to receive documents electronically, submit the completed form with your complaint. If you do not consent, please do not attach the form.



Since 1990, NYLAG has provided free civil legal services to New Yorkers who cannot afford private attorneys.

# Free Legal Assistance for Self-Represented Civil Litigants in Federal District Court for the Southern District Of New York

The NYLAG Legal Clinic for Pro Se Litigants in the Southern District of New York is a free legal clinic staffed by attorneys, law students and paralegals to assist those who are representing themselves or planning to represent themselves in civil lawsuits in the Southern District of New York. The clinic does not provide full representation. The clinic, which is not part of or run by the court, assists litigants with federal civil cases including cases involving civil rights, employment discrimination, labor law, social security benefits, foreclosure and tax.

## To Contact the Clinic:

Call (212) 659-6190 or complete our online intake form (found here: https://tinyurl.com/NYLAG-ProSe-OI). A staff member will contact you within a few business days.

Those looking for assistance can also contact the clinic at the kiosk located across the hall from the pro se clinic office in the courthouse.

**At this time, the clinic offers remote consultations only. Requests for in-person appointments will be reviewed on a case-to-case basis.**

## Location and Hours:

Thurgood Marshall United States Courthouse

Room LL22
40 Foley Square
New York, NY 10007
(212) 659 6190

Open weekdays
10 a.m. – 4 p.m.
Closed on federal and court holidays

Disclaimer: The information contained herein is for informational purposes only and is not legal advice or a substitute for legal counsel, nor does it constitute advertising or a solicitation.

a beneficiary of
