UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ANGEL L. RUIZ,

                Plaintiff,

-against-

UNITED STATES OF AMERICA,

                Defendant.

23-CV-7421 (LTS)

ORDER OF DISMISSAL

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff filed this action *pro se*. On October 10, 2023, the Court dismissed the complaint and granted Plaintiff 60 days' leave to replead. (ECF 4.) On December 12, 2023, Plaintiff filed a notice of interlocutory appeal, which was entered on the docket, and transmitted to the Court of Appeals. (ECF 6.) For the following reasons the Court dismisses the action and directs the Clerk of Court to enter judgment.

## DISCUSSION

**A.**     **Interlocutory Appeal Does Not Divest the Court of Jurisdiction**

The Court retains jurisdiction to consider and dismiss Plaintiff's amended complaint, notwithstanding the pending interlocutory appeal. Normally, "[t]he filing of a notice of appeal is an event of jurisdictional significance – it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982). "The divestiture of jurisdiction rule is, however, not a *per se* rule. It is a judicially crafted rule rooted in the interest of judicial economy, designed 'to avoid confusion or waste of time resulting from having the same issues before two courts at the same time.'" *United States v. Rodgers*, 101 F.3d 247, 251 (2d Cir. 1996) (quoting *United States v. Salerno*, 868 F.2d 524, 540 (2d Cir. 1989)). For example, the rule "does

not apply where an appeal is frivolous[,] [n]or does it apply to untimely or otherwise defective appeals." *China Nat. Chartering Corp. v. Pactrans Air & Sea, Inc.*, 882 F. Supp. 2d 579, 595 (S.D.N.Y. 2012) (citation omitted).

Plaintiff appeals from this Court's order of dismissal with leave to replead. Such an order is not a final order. *Slayton v. Am. Exp. Co.*, 460 F.3d 215, 224 (2d Cir. 2006) ("A dismissal with leave to amend is a non-final order and not appealable."). Because Plaintiff is attempting to appeal from a nonfinal order that has not been certified for interlocutory appeal, the notice of appeal is "premature" and a "nullity." *See, e.g.*, *Rodgers*, 101 F.3d at 252 (holding that notice of appeal from a nonfinal order did not divest the district court of jurisdiction); *Gortat v. Capala Bros.*, Inc., No. 07-CV-3629 (ILG), 2008 WL 5273960, at *1 (E.D.N.Y. Dec. 18, 2008) ("An exception . . . [to the general rule that an appeal deprives a district court of jurisdiction] applies where it is clear that the appeal is defective, for example, because the order appealed from is not final and has not been certified for an interlocutory appeal."). Accordingly, this Court retains jurisdiction of this action.

**B.     Order of Dismissal**

In the Court's October 10, 2023 order, the Court dismissed the complaint for failure to state a claim and as barred under the doctrine of sovereign immunity, but granted Plaintiff 60 days' leave to amend his complaint. That order specified that failure to comply would result in dismissal of this action. Plaintiff has not filed an amended complaint. Therefore, for the reasons stated in the October 10, 2023 order, the Court dismisses this action.

## CONCLUSION

The Court dismisses this action for the reasons stated in the October 10, 2023 order, for failure to state a claim and as barred under the doctrine of sovereign immunity. *See* 28 U.S.C. § 1915(e)(2)(B)(ii), (iii). All other pending matters in this case are terminated.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is directed to enter judgment in this case.

SO ORDERED.

Dated: June 24, 2024
New York, New York

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge